UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20071-CR-King/Garber

UNITED STATES OF AMERICA,

v.

MARK ANTHONY WALKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    THIS CAUSE was before the Court by Order of Reference from Senior United States District Judge James Lawrence King and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause. Pursuant to such reference the Court has conducted a change of plea hearing on April 15, 2015 which was attended by the defendant Walker, his attorney, Carl H. Lida, Esquire, and Jonathan K. Osborne, Assistant United States Attorney. The Court hereby advises as follows:

    1. At the commencement of the change of plea proceedings the Court advised the defendant that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, his attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel. The Court advised the defendant that the sentence would be imposed by the District Judge, who would make all findings

and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge as set forth below.

2. The defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge. All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3. The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for U. S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The Court advised the defendant of the sentence possibilities as to the charge set forth in the single Count of the Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release. The Court also advised the defendant of the mandatory special assessment of $100.00 which must be paid at the time of sentencing. The defendant was advised that the charge to which he was pleading guilty, carries a maximum term of imprisonment of up to ten (10) years, a fine of up to $250,000.00, and a term of supervised release of up to three (3) years.

5. The defendant acknowledged that he was satisfied with the services of his attorney and that he had full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. The defendant pled guilty to the charge set forth in the single Count of the Indictment, said Count charging that on the date set forth in the Indictment, "in Miami-Dade County, in the Southern District of Florida, the defendant . . . did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the

2

authority of the United States for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant represented himself to be "A.E.P.," when in truth and fact, and as the defendant then and there well knew, his name was not "A.E.P.," in violation of Title 18, United States Code, Section 1542."

7. The defendant has waive his right to appeal. In the event, however, that the government appeals, or the sentence exceeds that permitted by statute, or the sentence is the result of an upward departure from the Advisory Sentencing Guidelines, then the waiver is no longer effective and the defendant may appeal.

8. Defendant is also subject to the forfeiture as set out in the Indictment. By his guilty plea the defendant waives his right to contest such forfeiture.

9. The government filed a factual basis, made part of the record and executed by the government, the defendant and his counsel, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

10. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. The defendant was remanded into custody pending imposition of sentence.

**Sentencing is scheduled for Wednesday, July 23, 2015 at 10:00 A.M. before Senior U.S. District Judge James Lawrence King, in Courtroom II, Eleventh Floor, in the James Lawrence King Federal Justice Building, 99 N.E. 4th Street, Miami, FL 33132.**

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered his guilty plea to the single Count of the Indictment, that his guilty plea be accepted, that he be adjudicated

guilty of such offense, and that a sentencing hearing as scheduled above be conducted for a final disposition of this cause.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with Senior United States District Judge James Lawrence King. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of April 2014.

*Barry L. Garber*
_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE